# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-14-00243-CR
NO. 03-14-00244-CR
NO. 03-14-00245-CR

**Elias Shawn Bihl aka Elias Bihl, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 340TH JUDICIAL DISTRICT
NOS. C-13-0381-SB, C-13-0382-SB, & C-13-0383-SB
THE HONORABLE BEN WOODWARD, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Appellant Elias Shawn Bihl aka Elias Bihl was convicted by a jury of two counts of aggravated assault with a deadly weapon and one count of unlawful possession of a firearm by a felon. *See* Tex. Penal Code § 22.02(a)(2), 46.04(a). Pursuant to the habitual offender and repeat offender provisions of the Penal Code, the jury assessed appellant's punishment at confinement in the Texas Department of Criminal Justice for 25 years for each of the aggravated-assault offenses and two years for the firearm-possession offense. *See id.* § 12.42(a), (d). The trial court sentenced appellant in accordance with the jury's verdict and ordered the sentences to run concurrently.

Appellant's court-appointed attorney has filed a motion to withdraw supported by a brief concluding that these appeals are frivolous and without merit. The brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why

there are no arguable grounds to be advanced. *See Anders v. California*, 386 U.S. 738, 744 (1967); *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009); *see also Penson v. Ohio*, 488 U.S. 75, 81–82 (1988).

Appellant's counsel has represented to this Court that he sent appellant copies of the motion and brief to appellant along with a letter advising appellant of his right to examine the appellate record and file a pro se response.[1] *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766. Appellant requested two extensions of time to file a response, which this Court granted. To date, appellant has not filed a pro se response identifying possible meritorious grounds for appellate review or requested additional time to file a response.[2]

We have conducted an independent review of the record and find no reversible error. *See Anders*, 386 U.S. at 744; *Garner*, 300 S.W.3d at 766; *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). We agree with counsel that the record presents no arguably meritorious

---

[1] Counsel filed his motion to withdraw and *Anders* brief prior to *Kelly v. State*, which requires appointed to counsel to provide a form motion to a pro se appellant to use to obtain access to the appellate record. 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014). However, in his letter advising appellant of his rights pursuant to *Anders*, counsel instructed appellant how to request a copy of the record from the trial court clerk. A copy of such a request was attached to appellant's first motion for extension of time to file a pro se response. To ensure appellant's receipt of the record, this court instructed the clerk of the trial court to provide the reporter's record and clerk's record to appellant, and the clerk provided written verification to this court of compliance with our instruction. *See id.* at 321.

[2] Instead, appellant filed a motion requesting that the appeals be abated for the appointment of new counsel because, according to appellant, "[t]here are issues within the record that are worthy of review . . . that would entitle appellant to relief." However, because "[i]t would be prejudicial," appellant declined to identify those issues to this court for our review to determine whether they raise possible meritorious grounds and the appointment of new counsel was appropriate.

grounds for review and the appeals are frivolous.  Counsel's motion to withdraw is granted.  The judgments of conviction are affirmed.

_____

Melissa Goodwin, Justice

Before Chief Justice Jones, Justices Rose and Goodwin

Affirmed

Filed:   December 31, 2014

Do Not Publish